UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KECIA KEMP,

                    Plaintiff,

            -against-

NYC DEPARTMENT OF HEALTH AND
MENTAL HYGIENE; NYC DEPARTMENT
OF CITYWIDE ADMINISTRATION
SERVICES; NYC HEALTH AND HOSPITALS
CORPORATION,

                    Defendants.

21-CV-0579 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se* and *in forma pauperis* (IFP), filed this complaint

alleging that she was formerly employed by Defendants, and that these former employers

discriminated against her based on her race and sex. By order dated July 26, 2021, the Court

directed Plaintiff to amend her complaint to address deficiencies in her original pleading.

Plaintiff filed an amended complaint on September 22, 2021, and the Court has reviewed it. The

action is dismissed for the reasons set forth below.

### STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See*

Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Kecia Kemp, using the Court's form complaint for employment discrimination, originally brought this *pro se* action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17; 42 U.S.C. § 1981; the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634; the Rehabilitation Act of 1973 ("Rehab Act"), 29 U.S.C. §§ 701-796; the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112-

12117; the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601-2654; the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297; and the New York City Human Rights Laws, N.Y.C. Admin. Code §§ 8-101 to 131, alleging that her former employers discriminated against her based on her race and sex. Because Plaintiff failed to include allegations to support the federal claims she asserted in her original complaint, the Court directed Plaintiff to amend her complaint to provide more facts about each of the claims she seeks to raise against each of the Defendants and to allege why her claims against each of the Defendants are properly joined in a single lawsuit. (ECF No. 4 at 10.)

Plaintiff filed her amended complaint using the Court's form amended complaint for employment discrimination, again checking all boxes indicating that she seeks to assert federal claims under all of the antidiscrimination statutes except for 42 U.S.C. § 1981. (ECF No. 5 at 3-4.) Plaintiff did not check the boxes for the New York State and New York City Human Rights Laws. (*Id.* at 4.) She identified herself as "Black," "Female," and born in "1964."[1] (*Id.*) The amended complaint does not, however, include allegations to support the federal claims she asserts in this amended pleading, nor does she explain why her claims against each of the Defendants are properly joined in this one action.

## DISCUSSION

### A.    NYC Department of Health and Mental Hygiene (DoHMH)

In her original pleading, Plaintiff alleged that her former employer, DoHMH, "[b]lacklisted and labeled [her] to other employers to prevent [her] from receiving fair employment." (ECF No.1 at 5.) She also alleged the following:

---

[1] Plaintiff identified herself the same way in her original pleading. (ECF No. 1 at 3-4.)

> Employment was terminated and not able to be reinstated, as of July 20, 2020. Due to a Sec. 72 of civil law[2] in 2016 of July 12th, prior to decision made in Sec. 72 hearing June 2016. In May of 2016 on the 13th, Plaintiff was offered a settlement of $55,000.00. Once Plaintiff refused on May 27, 2016, Plaintiff was subjected to Sec. 72 with derogatory medical review by Defendants' doctors.

(*Id.*) In her amended complaint, Plaintiff alleges that Defendant "wrongfully terminated [her] and retaliated towards her." (ECF No. 5 at 8.) She attaches to her amended complaint a copy of a Stipulation of Settlement dated May 13, 2016, and signed by her, indicating that Defendant agreed to pay Plaintiff $55,000. (*Id.* at 25-27.) Plaintiff also attaches to her amended complaint an Appeal Determination dated June 16, 2020, detailing the numerous judicial and administrative proceedings that Plaintiff filed against this Defendant regarding its allegedly unlawful actions. The Appeals Determination indicates that on, January 26, 2018, Plaintiff filed a state-court action under Index No. 100130-2018, against Rose Tessler; Brian Toro, her former supervisor; Dr. Robbins; Dr. Salvage; and the union, asserting claims of defamation, fraud, negligence, and malpractice. (*Id.*at 35.) The state court dismissed the action against all defendants on January 4, 2019. (*Id.*)

A review of the records of this court indicates that, on April 23, 2018, Plaintiff filed an action against DoHMH, Rose Tessler-Handler, and Brian Toro and that, by order dated September 21, 2018, the court transferred the action to the United States District Court for the Eastern District of New York. *See Kemp v. NYC Dep't of Health and Mental Hygiene*, ECF 1:18-CV-3601, 4 (S.D.N.Y. Sept. 21, 2018).

---

[2] Here, Plaintiff was apparently referring to Section 72 of the New York Civil Service Law, which provides that, "[w]hen in the judgment of an appointing authority an employee is unable to perform the duties of his or her position by reason of a disability, other than a disability resulting from occupational injury or disease as defined in the workers' compensation law, the appointing authority may require such employee to undergo a medical examination to be conducted by a medical officer selected by the civil service department or municipal commission having jurisdiction." N.Y. Civ. Serv. Law § 72.

By Memorandum Decision and Order dated April 1, 2019, the Honorable Brian M. Cogan of the Eastern District of New York granted defendants' motion to dismiss. *See Kemp v. NYC Dep't of Health and Mental Hygiene*, No. 18-CV-5453 (BMC) (PK) (E.D.N.Y. Apr. 2, 2019). The next day, the Clerk of Court entered judgment consistent with Judge Cogan's memorandum decision and order. *See Kemp v. NYC Dep't of Health and Mental Hygiene*, No. 18-CV-5453 (BMC) (PK) (E.D.N.Y. Apr. 3, 2019). Plaintiff appealed the decision to the United States Court of Appeals for the Second Circuit and, by Mandate dated September 30, 2019, the Second Circuit dismissed the appeal as lacking an arguable basis in either law or fact. *See Kemp v. NYC Dep't of Health and Mental Hygiene*, No. 19-1232 (2d Cir. Sept. 30, 2019).

A review of the Public Access to Court Electronic Records (PACER) system indicates that Plaintiff filed two other actions in the Eastern District of New York regarding her employment. *See Kemp v. Henry*, No. 17-CV-1020 (BMC) (PK) (E.D.N.Y. Aug. 31, 2017) (stipulation of discontinuance with prejudice); *Kemp v. City of New York Dep't of Health*, No. 16-CV-1080 (BMC) (PK) (E.D.N.Y. Feb. 4, 2017) (granting defendant's motion to dismiss); *appeal withdrawn*, No. 17-540 (2d Cir. June 8, 2017).

In light of Plaintiff's history of judicial proceedings in connection with her employment with DoHMH, her claims against this Defendant are barred by the doctrine of claim preclusion. Under the doctrine of claim preclusion, also known as "*res judicata*," a litigant may not bring a new case that includes claims or defenses that were or could have been raised in an earlier case in which the same parties were involved if that case resulted in a judgment on the merits. *Brown v. Felsen*, 442 U.S. 127, 131 (1979). Claim preclusion "bars a plaintiff from relitigating claims against a defendant that it lost in a previous action against the same defendant and claims that the plaintiff could have brought in that earlier action but did not." *Marcel Fashions Grp. Inc. v.*

*Lucky Brand Dungarees, Inc.*, 898 F.3d 232, 236-37 (2d Cir. 2018). The doctrine "'serves the interest of society and litigants in assuring the finality of judgments, [and] also fosters judicial economy and protects the parties from vexatious and expensive litigation.'" *Id.* at 237 (quoting *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000)). Claim preclusion generally applies if "(i) an earlier action resulted in an adjudication on the merits; (ii) that earlier action involved the same counterparty or those in privity with them; and (iii) the claim sought to be precluded was raised, or could have been raised, in that earlier action." *Id.*

To determine whether a claim could have been raised in an earlier action, courts look to whether the present claim arises out of the same transaction or series of transactions asserted in the earlier action, *see Pike v. Freeman,* 266 F.3d 78, 91 (2d Cir. 2001), or, in other words, whether facts essential to the second suit were present in the first suit, *NLRB v. United Techs. Corp.*, 706 F.2d 1254, 1260 (2d Cir. 1983). "A party cannot avoid the preclusive effect of *res judicata* by asserting a new theory or a different remedy." *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017) (internal quotation marks and citation omitted).

Although claim preclusion is an affirmative defense to be pleaded in a defendant's answer, *see* Fed. R. Civ. P. 8(c), a court may raise the issue on its own initiative. *See, e.g.*, *Grieve v. Tamerin*, 269 F.3d 149, 154 (2d Cir. 2001) (affirming district court's dismissal on grounds of issue preclusion even though defendant failed to plead that defense, and noting that "principles of preclusion involve" not only "the rights and interests of the parties," but also "important interests of the public and the courts in avoiding repetitive litigation and potentially inconsistent decisions"); *Doe v. Pfrommer*, 148 F.3d 73, 80 (2d Cir. 1998) (affirming *sua sponte* application of collateral estoppel in motion for summary judgment); *Salahuddin v. Jones*, 992 F.2d 447, 449

(2d Cir. 1993) ("The failure of a defendant to raise *res judicata* in [an] answer does not deprive a court of the power to dismiss a claim on that ground.").

The elements of claim preclusion are satisfied here. Plaintiff's prior actions against DoHMH were based on the same events that Plaintiff describes in this action. Those previous actions were adjudicated on the merits. Because Plaintiff's present claims arise out of the same transactions and occurrences that were the subject of previous actions in the Eastern District of New York and in the New York state courts, the claims raised in this action are barred by the doctrine of claim preclusion.

## B.     NYC Department of Citywide Administration Services (DCAS)

Plaintiff brings employment discrimination claims against DCAS under Title VII, the ADA, the ADEA, the Rehab Act, and the FMLA. These antidiscrimination provisions prohibit employers from mistreating an individual because of the individual's protected characteristics, *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007), or retaliating against an employee who has opposed any practice made unlawful by those statutes, *see Crawford v. Metro. Gov't*, 555 U.S. 271, 276 (2009). Each of the statutes provides only for the liability of an employer and other covered entities, such as an employment agency, labor organization, or joint labor-management committee. *See* 42 U.S.C. § 2000e–2 (Title VII); 42 U.S.C. §§ 12111(2), 12112(a) (ADA); 29 U.S.C. § 623(a), (b), (c) (ADEA. A claim under these anti-discrimination statutes is premised on the existence of an employer-employee relationship. *See Gulino v. New York State Educ. Dep't*, 460 F.3d 361, 370 (2d Cir. 2006) ("[T]he existence of an employer-employee relationship is a primary element of [a] Title VII claim[ ]."); *Lauria v. Nextel of New York, Inc.*, 438 F. Supp. 2d 131, 140 (E.D.N.Y. 2006) ([I]f an individual is neither an employee, or former employee of a company, he or she does not have the right to sue under the ADA."); *Robinson v. Overseas*

*Military Sales Corp.*, 21 F.3d 502, 509 (2d Cir. 1994) (where a plaintiff was not an employee of the defendant, there is no ADEA claim).

Courts have construed the definition of "employer" broadly under Title VII and the other employment discrimination statutes, *see Dortz v. City of New York*, 904 F. Supp. 127, 144 (S.D.N.Y.1995), to "encompass persons who are not employers in conventional terms, but who nevertheless control some aspect of an employee's compensation or terms, conditions, or privileges of employment," *E.E.O.C. v. Sage Realty Corp.*, 507 F. Supp. 599, 611 (S.D.N.Y. 1981). For example, "'an employee, formally employed by one entity, who has been assigned to work in circumstances that justify the conclusion that the employee is at the same time constructively employed by another entity, may impose liability . . . on the constructive employer, on the theory that this other entity is the employee's joint employer.'" *Tate v. Rocketball, Ltd.*, 45 F. Supp. 3d 268, 273 (E.D.N.Y.2014) (quoting *Arculeo v. On–Site Sales & Mktg., LLC*, 425 F.3d 193, 198 (2d Cir.2005)) (ellipses in original); *see also N.L.R.B. v. Solid Waste Servs., Inc.*, 38 F.3d 93, 94 (2d Cir.1994) ("A joint employer relationship may be found to exist where there is sufficient evidence that the [joint employer] had immediate control over the other company's employees.). In addition, a plaintiff can assert claims against a defendant who is not the plaintiff's *direct* employer, where the plaintiff can "establish that the defendant is part of an 'integrated enterprise' with the employer, thus making one liable for the illegal acts of the other." *Brown v. Daikin Am., Inc.*, 756 F.3d 219, 226 (2d Cir. 2014) (emphasis added) (quoting *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 341 (2d Cir. 2000)). Licensing agencies that control an individual's access to employment are not generally considered employers. *See Nat'l Org. for Women, New York Chapter v. Waterfront Comm'n of New York Harbor*, 468 F. Supp. 317, 320 (S.D.N.Y. 1979) (holding that defendant, "in its licensing role . . . neither pa[id] the

wages nor engage[d] the services of persons it register[ed]," and was therefore not an employer for Title VII purposes.); *Lavender-Cabellero v. NYC Dep't of Consumer Affairs*, 458 F. Supp. 213, 215 (S.D.N.Y. 1978) (holding that the defendant was not an "employer" under Title VII since it was "merely" licensing process servers and not employing them).

Plaintiff's employment discrimination claims against DCAS must be dismissed, because the facts alleged do not suggest that she has or ever had an employment relationship with DCAS. Plaintiff does not allege that she was employed by, or sought employment from DCAS, or that DCAS controlled the terms, conditions, and privileges of her employment or compensation such that it should be considered Plaintiff's employer. Nor does Plaintiff allege facts suggesting that DCAS is a labor union, an employment agency, or that a connection exists between DCAS and Plaintiff's former employer sufficient to constitute an integrated enterprise or a joint employment relationship.

It appears from the attachments to Plaintiff's amended complaint that DCAS decided her appeal of the denial of her request for reinstatement under Section 72 of the Civil Service Law. Because Plaintiff does not allege that she was employed by DCAS, she has not stated a viable an employment discrimination claim against DCAS under Title VII, the ADA, the ADEA, the Rehab Act, and the FMLA, and her employment discrimination claims against DCAS must therefore be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

C.     **New York City Health and Hospitals Corporation (H+H)**

Plaintiff's employment discrimination claims against H+H must also be dismissed. Plaintiff again fails to allege facts suggesting that H+H took adverse employment action against her because of an impermissible factor. Moreover, the attachments to Plaintiff's amended complaint belie any assertion of employment discrimination. Plaintiff attaches to her amended

complaint a letter from H+H dated July 30, 2020, indicating that her employment relationship ended because she failed to satisfactorily complete her probationary period. (ECF No. 5 at 40.) Plaintiff therefore fails to state a claim against H+H under the federal antidiscrimination statutes.

Because Plaintiff has failed to state a claim against Defendants, the question of whether Defendants were properly joined in this action under Rule 20(a)(2) of the Federal Rules of Civil Procedure is moot.

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has not cured the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because it appears that the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed as barred by doctrine of claim preclusion and  pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   April 29, 2022
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge